

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / 🐦 @BecketLaw
www.becketlaw.org

July 31, 2024

**By Electronic Case Filing**

Kelly L. Stephens
Clerk of Court
United States Court of Appeals for the Sixth Circuit
Potter Stewart United States Courthouse
100 East Fifth Street
Room 540
Cincinnati, OH 45202

Re:    *St. Joseph Parish St. Johns v. Dana Nessel et al.,* **No. 23-1860**
       **Rule 28(j) Notice of Supplemental Authority:**

> *Parents Defending Education v. Olentangy Local School District Board of Education,* -- F.4th --, 2024 WL 3565635 (6th Cir. July 29, 2024)

Dear Ms. Stephens:

In *Parents Defending Education*, the Sixth Circuit unanimously found pre-enforcement standing to challenge a school policy that prohibited "discriminatory harassment based on gender identity" because the school district refused to disavow enforcement. *Id.* at \*1; *see also Parents Defending Education v. Olentangy Local Sch. Dist. Bd. of Ed.*, 684 F. Supp. 3d 684, 696 (S.D. Ohio 2023) ("School District's refusal to disavow" "support[s]" "credible threat of enforcement."). This was so even though the district had not "disciplined any student for speech related to gender identity" and even though the district was "happy to discuss accommodations" for students' "religious beliefs." *Id.* Under these facts, the Court held that the plaintiff was well within "its right" to bring a pre-enforcement challenge. *Id.* at \*6. Thus, the Sixth Circuit found pre-enforcement standing without any enforcement history, any warning letter, and no mechanism for private enforcement.

That reasoning applies here. In this case, Michigan refuses to disavow enforcement, claiming it "would be impossible … to disavow application of statutes as broad as the ELCRA." Resp.34. But broad policy language did not prevent standing in *Parents Defending Education. See* 2024 WL 3565635, at \*1 (prohibiting any "insulting" or "dehumanizing gesture[s]"); *cf. Parents Defending Educ. v. Linn Mar Comm. Sch. Dist.*, 83 F.4th 658, 668 (8th Cir. 2023) (enjoining similar policy as



unconstitutionally vague). *Parents Defending Education* also confirms that Michigan's promise to consider St. Joseph's First Amendment rights does not defeat standing. Resp.32. Indeed, the Sixth Circuit found pre-enforcement standing despite the school district's promise that it would "discuss accommodations" for students' "religious beliefs." 2024 WL 3565635, at *1. And unlike the policy in *Parents Defending Education*, here, the amended ELCRA allows for both public and private enforcement—a fact Michigan said might "weigh[] against Defendants." Resp.33; Resp.34 (similar as to disavowal).

Accordingly, because the amended ELCRA arguably proscribes St. Joseph's conduct, and Michigan refuses to disavow enforcement of an aggressively enforced statute, St. Joseph has pre-enforcement standing.

Word Count: 323

Respectfully submitted,

/s/ William J. Haun
William J. Haun
Lori H. Windham
Nicholas R. Reaves
Michael J. O'Brien
Richard C. Osborne
THE BECKET FUND FOR
   RELIGIOUS LIBERTY
1919 Pennsylvania Ave. N.W.,
   Ste. 400
Washington, DC 20006
(202) 955-0095
*whaun@becketlaw.org*

*Counsel for Plaintiff-Appellant*

cc: All counsel of record (by ECF notification)