STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



CADILLAC PLACE
3030 WEST GRAND BOULEVARD
DETROIT, MICHIGAN 48202

**DANA NESSEL**
ATTORNEY GENERAL

August 6, 2024
*Via CM/ECF*

Kelly L. Stephens, Clerk
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202

    Re:   *St. Joseph Parish St. Johns v. Nessel, et al.*
           Sixth Circuit Court of Appeals No. 23-1860

Dear Ms. Stephens:

    Pursuant to Rule 28(j), Appellees respond to Appellant's July 31, 2024, citation of supplemental authority. (Doc. 41.)

    *Parents Defending Education v. Olentangy Local School District Board Of Education,* 2024 U.S. App. LEXIS 18634 (6th Cir. July 29, 2024), does not provide any new rule of law regarding the assessment of whether standing exists in a First Amendment pre-enforcement challenge relative to the *McKay* factors. In fact, the Sixth Circuit did not review the District Court's finding of standing, as the plaintiff only appealed the denial of a preliminary injunction to prevent enforcement of an Ohio school district's policies which "prohibit the intentional use of pronouns inconsistent with a student's gender identity where such use rises to the level of harassment." 2024 U.S. App. LEXIS 18634, *7–8.

    The Sixth Circuit agreed with the district court below that the plaintiff had not met the burden of showing a clear likelihood of success on the merits of their First Amendment claims, warranting reversal of the district court's preliminary injunction denial. *Id*. at *37. Here specifically, the Sixth Circuit concluded that as "a consequence of"

PDE's choice to bring a pre-enforcement challenge, "no prohibited speech has yet occurred, and a defendant cannot be faulted for failing to identify disruption from speech that is merely hypothesized." *Id.* at *16 – *17. Further, the Sixth Circuit held that the school district's policies did not unconstitutionally compel speech, as students could use first names instead of pronouns, did not constitute viewpoint discrimination, and were not overbroad. *Id.* at *24 – *37. Finally, this Court held that PDE would not suffer an irreparable harm absent a preliminary injunction and PDE had not demonstrated that the balance of equities or the public interest favored granting a preliminary injunction. *Id.* at *37 – *40.

  For these reasons, Appellant's citation to the *Parents Defending Education* case does not advance its claim that the District Court erred in dismissing its case based on standing.

            Sincerely,

            *s/Tonya C. Jeter*
            Tonya C. Jeter (P55352)
            Assistant Attorney General
            Civil Rights and Elections Division
            (313) 456-0200

TJ/tj